IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

BRUCE CARROLL,                          )
                                        )
        Plaintiff,                      )
                                        )
v.                                      )    No. 3:09-cv-216
                                        )
BLUMAQ CORPORATION,                     )
                                        )
        Defendant.                      )

## MEMORANDUM OPINION

This civil action is before the court on the defendant's motion to dismiss the complaint for lack of personal jurisdiction, insufficiency of service of process, and *forum non conveniens* [doc. 5]. The plaintiff has responded [doc. 6], and the defendant has filed a supplementary declaration [doc. 8], to which the plaintiff objects [doc. 9]. The court finds that oral argument on the motion is not necessary, and the motions are ripe for the court's consideration. For the reasons discussed below, the defendant's motion to dismiss will be denied on all the grounds raised in the motion.

The complaint and the plaintiff's affidavit submitted in response to the motion to dismiss set out the following relevant facts. The plaintiff, a resident of Blount County, Tennessee, was contacted in August 2007 about becoming the

branch manager of defendant Blumaq's operation in Santiago, Chile. Blumaq is in the business of selling after-market heavy equipment parts. The plaintiff accepted the position and assumed his duties in October 2007. About a year later, the plaintiff was asked for input about the feasibility of opening a branch office in Knoxville, Tennessee. The plaintiff said it would be a good idea, and later agreed that Mr. Pat Casey would be a good choice to manage the Knoxville operation.

At Mr. Casey's direction, an office and warehouse were leased, and a company truck was purchased and insured. Photographs submitted with the plaintiff's affidavit show the Blumaq office and truck located in Knoxville.

Later, in September 2008, the plaintiff inquired about the possibility of transferring to the Knoxville office. The plaintiff was able to negotiate a new employment agreement with the defendant, and he began working in the Knoxville office in February 2009. His employment was terminated on April 20, 2009.

In his complaint, the plaintiff claims that during his employment in Knoxville, Blumaq violated provisions of the FLSA by failing to adequately pay him for his overtime. The plaintiff further contends that Blumaq breached the employment contract entered into by the parties for his work in the Knoxville office.

## *Personal Jurisdiction*

In its motion to dismiss, Blumaq argues that this court does not have personal jurisdiction over it because Blumaq is not a resident of Tennessee and it does not have sufficient minimum contacts with Tennessee. Blumaq says that it is a Florida corporation with its principal place of business in Miami, Florida. Its officers and directors are in Spain. All Blumaq's records are kept and payroll is handled in Miami, and Blumaq does not have a bank account in Tennessee.

The plaintiff has the burden of establishing personal jurisdiction over the defendant, although the burden is slight when an evidentiary hearing is not required. *Third Nat'l Bank in Nashville v. WEDGE Group Inc.*, 882 F.2d 1087, 1089 (6th Cir. 1989). The plaintiff need only come forward with sufficient facts to support a finding of jurisdiction, and the court must consider the pleadings and affidavits in the light most favorable to the plaintiff. *Id.* "When determining whether there is personal jurisdiction over a defendant, a federal court must apply the law of the state in which it sits, subject to constitutional limitations." *Reynolds v. Int'l Amateur Athletic Fed'n*, 23 F.3d 1110, 1115 (6th Cir. 1994). Thus, there are two issues: (1) whether the defendant is amenable to suit under the Tennessee long-arm statute (Tenn. Code Ann. 20-2-214); and (2) whether the requirements of the Due Process clause of the constitution have been met. *Id.*

Section 20-2-214 of the Tennessee Code Annotated provides for personal jurisdiction over any person or corporation, residents or nonresidents,

3

on "any basis not inconsistent with the constitution of this state or of the United States." Thus, the jurisdiction of Tennessee courts is expanded to the full limit allowed by due process. *Masada Inv. Corp. v. Allen*, 697 S.W.2d 332, 334 (Tenn. 1985). The United States Supreme Court has stated that due process requires only that the defendant have certain minimum contacts with the state "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). In other words, the issue is whether Blumaq reasonably should anticipate being sued in Tennessee based on its conduct and connection with Tennessee. *See World-Wide Volkswagon Corp. v. Woodson*, 444 U.S. 286, 297 (1980).

Courts recognize two types of personal jurisdiction – general jurisdiction and specific jurisdiction. *WEDGE Group*, 882 F.2d at 1089. "General" jurisdiction arises when a defendant's contacts with the state are "continuous and systematic," even if the plaintiff's claims are unrelated to the defendant's contacts within the state. *Id.* On the other hand, "specific" jurisdiction applies when a suit arises out of or is related to the defendant's contacts with the state. *Id.*

The court finds that the plaintiff has met its burden of showing that this court has personal jurisdiction over Blumaq under either theory of jurisdiction. The pleadings show that Blumaq purposely opened a branch of its business in Knoxville, Tennessee, staffed the branch with three persons, rented office space,

4

purchased a vehicle, and advertised the Knoxville branch as being a source for replacement parts for Volvo machines. Furthermore, the plaintiff's two causes of action are directly related to his employment in the Knoxville branch office. The court finds that Blumaq purposely availed itself of doing business in Tennessee, and its contacts are sufficiently "continuous and systematic" such that Blumaq reasonably could have anticipated being sued in this jurisdiction. The defendant's motion to dismiss on this basis will be denied.

### *Service of Process*

Next, Blumaq argues that the service of process on Mr. Casey was insufficient because he is not an agent of Blumaq authorized to receive service. In response, the plaintiff asserts that Mr. Casey satisfies the definition of "chief agent" for Blumaq in Knoxville, and Mr. Casey's acceptance of service of process was sufficient to effect service on Blumaq.

The Federal Rules of Civil Procedure provide that service of process on a corporation may be accomplished by following state law for service of summons where the district court is located. Fed. R. Civ. P. 4(e) and (h). Tennessee Rule of Civil Procedure 4.04(4) states:

> Service shall be made as follows:
> . . . .
> (4) Upon a domestic corporation, or a foreign corporation doing business in this state, by delivering a copy of the summons and of the complaint to an officer or managing agent thereof, or to the chief agent in the county wherein the action is brought, or by delivering the

copies to any other agent authorized by appointment or by law to receive service on behalf of the corporation.

In *Garland v. Seaboard Coastline R.R. Co.*, 658 S.W.2d 528 (Tenn. 1983), the Tennessee Supreme Court noted that "narrow and technical definitions [of officer, managing agent or chief agent] are inconsistent with the apparent purpose of T.R.C.P. 4.04, to insure that process is served in a manner reasonably calculated to give a party defendant adequate notice of the pending judicial proceedings." *Id.* at 530. The Court then adopted the construction used by the federal courts for determining the sufficiency of process:

> Federal courts have held that Rule 4(d)(3)[1] "does not require that service be made solely upon a restricted class of formally titled officials, but rather permits it to be made 'upon a representative so integrated with the organization that he will know what to do with the papers. Generally, service is sufficient when made upon an individual who stands in such a position as to render it, fair, reasonable and just to imply the authority on his part to receive service.'"

*Id.* at 531 (quoting *Ins. Co. of N. Am. v. S/S "Hellenic Challenger",* 88 F.R.D. 545, 547 (S.D.N.Y. 1980)).

Using this standard, the court finds that Mr. Casey was the highest ranking official in Knox County, Tennessee, for defendant Blumaq. The plaintiff states in his affidavit that Mr. Casey "ran the operations" in Knoxville; that he negotiated the lease for the Blumaq premises in Knoxville; that he arranged for

---

[1] Federal Rule of Civil Procedure 4(d)(3), now Rule 4(h), is the counterpart of Tennessee Rule of Civil Procedure 4.04(3) and (4).

6

Case 3:09-cv-00216-CCS   Document 11   Filed 11/10/09   Page 6 of 8   PageID #: 84

the utilities, telephone and other connections for the office; that he arranged for modifications of the space; that he bought office furniture and supplies; that he purchased a truck for the Knoxville office and had it insured. This evidence is undisputed. The court finds that Mr. Casey was in such a position as to render it fair, reasonable and just to imply the authority on his part to receive service.

The defendant's motion to dismiss for failure of service of process will be denied.

### *Forum Non Conveniens*

Last, the defendant suggests that the complaint should be dismissed because an alternative forum is available and the forum chosen by the plaintiff would "vex" it out of proportion to the plaintiff's convenience. In response, the plaintiff correctly notes that *forum non conveniens* is not a proper basis to dismiss a cause of action. Rather, a district court may decline its jurisdiction and transfer a civil action to another venue if appropriate, but dismissal is too harsh a remedy. 17 James Wm. Moore, *Moore's Federal Practice* § 111.71 (3d ed. 2009). Furthermore, the federal doctrine of *forum non conveniens* "has continuing application only in cases in which the alternative forum is abroad." *Id.*

There are numerous factors that might be considered, but the bottom line is that the defendant opened an office in Knoxville to do business, that the plaintiff was hired to work in that office, that the plaintiff's employment was terminated, and the two causes of action raised by the plaintiff arise out of that

7

employment and termination. The court finds that the Eastern District of Tennessee has much more than a passing interest in retaining jurisdiction, and the defendant's motion to dismiss under the *forum non conveniens* doctrine will be dismissed.

For the reasons stated above, the defendant's motion to dismiss will be denied in all respects.

Subsequent to the plaintiff filing his response to the motion to dismiss, the defendant filed an affidavit of Patricia Bridgewater, the registered agent for defendant Blumaq. The plaintiff has filed a motion to strike the affidavit because it was filed well beyond the five days allowed by the local rules for filing reply briefs and any accompanying material (Local Rule 7.1(a)). The court finds, however, that Ms. Bridgewater's affidavit is irrelevant as to any of the issues before the court, and the plaintiff's motion to strike will be denied as moot.

An order reflecting this opinion will be entered.

ENTER:

     *s/ Leon Jordan*
United States District Judge